# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:10-cr-276-MMH-LLL

ANDREW CHASE WILKIE

---

Defendant, Andrew Chase Wilkie, proceeding pro se, filed this Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 700; Motion) on August 6, 2024. Along with the Motion, Wilkie filed a Memorandum of Law and Evidence Supporting Motion for Sentence Reduction under 18 U.S.C. Section 3582(c)(1)(A) as Amended by the First Step Act (Doc. 700-2; Memorandum of Law). The United States opposes the Motion. See United States' Response in Opposition to Defendant's Motion for Compassionate Release (Doc. 703; Response). Wilkie filed a Response to Government's Opposition to Defendant's Motion for Compassionate Release (Doc. 704; Reply) on October 15, 2024. Upon consideration of the record, the applicable legal authority, the factors set forth in 18 U.S.C. § 3553(a), and the relevant policy statements issued by the Sentencing Commission,

IT IS ORDERED that the Motion is:

☒ DENIED after complete review of the Motion on the merits.

☒FACTORS CONSIDERED

Wilkie is a 43-year-old inmate incarcerated at Oakdale I FCI. At the time he filed the Motion, he was serving a 420-month term of imprisonment for racketeering and criminal conspiracy to engage in racketeering in violation of 18 U.S.C. §§ 1962(c)-(d). (Doc. 366; Judgment). On January 9, 2025, the Court reduced Wilkie's sentence from 420 months' imprisonment to 376 months' imprisonment. See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 705). He is now projected to be released on September 22, 2036. See Bureau of Prisons Inmate Locator at https://www.bop/gov/inmateloc/ (last accessed on January 16, 2025). He seeks compassionate release based on family circumstances that allegedly result in Wilkie being the only available caregiver for incapacitated family members. See generally Memorandum of Law.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

- 2 -

> the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), superseded in part on other grounds by U.S.S.G. § 1B1.13 (2023). A movant for compassionate release must establish that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)).[1] And, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

Under U.S.S.G § 1B1.13, extraordinary and compelling reasons that may render a defendant eligible for a sentence reduction include: (1) medical circumstances of the defendant; (2) advanced age plus length of the term already served; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced;

(5) other circumstances similar in gravity to those in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years of imprisonment and a change in the law would produce a gross disparity between the defendant's sentence likely to be imposed at the time the motion is filed. See U.S.S.G § 1.B1.13(b)(1)-(6). However, even if the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under § 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. Tinker, 14 F.4th at 1237.

Wilkie asserts that he is the only available caregiver for his incapacitated parents and grandmother. See Memorandum of Law at 2-5. According to Wilkie, he is "the only family member who is able to provide the full-time care" to his parents and grandmother. Id. at 2. He explains that he is an only-child and that his step-brother is on the autism spectrum and, therefore, cannot adequately care for his family members. Id.

Wilkie's contention that he is the "only available caregiver" fails. In support of the Motion, Wilkie provided the Court with multiple letters from family members who were at one point providing care for Wilkie's parents and/or grandmother. See generally Exhibits to Motion (Doc. 700-3; Family

Letters). Several letters highlight that caring for Wilkie's parents is inconvenient or that family members need breaks—however, such difficulties fall short of supporting Wilkie's argument that he is the "only available caregiver." See id. at 17-20, 26-33. For example, Wilkie's grandmother notes that her granddaughter helps take care of her, but that "she needs a break." See id. at 12. Wilkie's cousin also states that he cares for the grandmother. See id. at 17. Additionally, Wilkie's mother states that her niece and her niece's family have moved closer to the family in order to provide care for Wilkie's parents and grandmother. Id. at 4. Accordingly, while the Court recognizes that Wilkie's incarceration imposes difficulties on other members of his family, the record fails to support a finding that Wilkie is the "only available caregiver" as contemplated by USSG § 1.B1.13(b)(3).

Regardless, the sentencing factors under 18 U.S.C. § 3553(a) do not support granting compassionate release at this time. As discussed above, even if the court finds that an extraordinary and compelling reason exists, the court may not reduce a defendant's term of imprisonment under § 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. Tinker, 14 F.4th at 1237.

Wilkie was convicted of serious racketeering charges. See Judgment

at 1; see also Transcript of Sentencing (Doc. 415; Sentencing Transcript) at 8-9. Specifically, Wilkie was an "enforcer" of a violent criminal organization. See Presentence Investigation Report (Doc. 566; PSR) at 15.[2] Among other offenses, he planned and participated in multiple home invasion robberies and bank robberies, violently assaulted people, distributed cocaine, steroids, and other drugs, and trafficked in the distribution of hydrocodone and oxycodone. Id. at 15-35. To highlight the seriousness of Wilkie's offense conduct the Court notes that: Wilkie assaulted and choked into unconsciousness a woman with whom he was in a relationship with (id. at 23, ¶ 32); he participated in a violent attack on another person to collect a drug debt, an act which left the victim close to death (id. at 25, ¶ 50); he planned and participated in multiple armed robberies (id. at 27-28, ¶¶ 59, 62-63); and he participated in multiple home invasion robberies (id. at 20-25, ¶¶ 54, 60, 66, 78). While in custody, Wilkie also made serious threats against a confidential informant and a co-defendant. Id. at 29, ¶¶ 95-96.

In requesting relief, Wilkie cites several cases in which a court granted compassionate release. See Memorandum of Law at 5-7. However, these

---

[2] The PSR is attached to a June 14, 2016, Memorandum filed by the United States Probation Office in regards to Wilkie's eligibility for a sentence reduction based upon the retroactive changes to the sentencing guidelines applicable to drug offenses which is found at docket entry 566. In citing to the PSR, the Court will cite to the page numbers on the bottom of the page of the PSR rather than the page numbers assigned by the Court's electronic filing system.

cases are inapposite because unlike this case, those cases primarily involve defendants convicted of non-violent crimes. For example, Wilkie cites <u>United States v. Smith</u>, 482 F. Supp. 3d 1218 (M.D. Fla. 2020). In <u>Smith</u>, the undersigned reduced the sentence of a 70-year-old inmate with deteriorating health who had been incarcerated for 23 years. <u>Id.</u> at 1220. The defendant sought release at the height of the Covid-19 pandemic when the virus posed serious health risks, especially to elderly inmates. <u>Id.</u> at 1224. Notably, unlike Wilkie, the defendant was a non-violent offender and the Court determined that he no longer posed a danger to the community upon release. <u>Id.</u> at 1225-26. Accordingly, <u>Smith</u> does not lend support to Wilkie's argument. Nor do the numerous other cases that Wilkie cites. See <u>United States v. Griffin</u>, 1:95-cr-00751-UU-1, 2020 WL 7295765 (S.D. Fla. Dec. 8, 2020) (granting compassionate release to defendant sentenced for <u>non-violent</u> cocaine offenses and who had served 75% of his sentence); <u>United States v. Bucci</u>, 409 F. Supp. 3d 1, 2-3 (D. Mass. 2019) (granting compassionate release to defendant who "demonstrated rehabilitation through his substantial time in prison, including by devoting much of his time to care for terminally ill inmates."); <u>United States v. Haldorson</u>, No. 15CR623, 2024 WL 621653, at *4-5 (N.D. Ill. Feb. 14, 2024) (granting compassionate release for family circumstances, but noting the <u>non-violent</u> nature of the defendant's offenses and his significant rehabilitation

efforts); United States v. Movahhed, No. 2:19-cr-93-TC-BCW, 2024 WL 496061, at *4 (D. Utah Feb. 8, 2024) (granting compassionate release for family circumstances for non-violent offender); see also United States v. Handlon, 97 F.4th 829 (11th Cir. 2024) (affirming denial of defendant's request for compassionate release where defendant sought release to care for his terminally ill father); United States v. Ivanov-Tolpintsev, No. 23-10648, 2024 WL 36553 (11th Cir. Jan. 3, 2024) (affirming denial of defendant's request for compassionate release where defendant sought release due to his mother's cancer diagnosis).

The serious nature of Wilkie's crimes is reflected in the numerous enhancements applied in accordance with the sentencing guidelines. In determining the guidelines applicable to Wilkie's crimes, the Court applied enhancements for things such as making, or preparing to carry out, threats of death or serious bodily harm (see PSR at 30, ¶¶ 102-03), causing permanent or life-threatening injury (id. ¶ 104), obstructing justice by threatening witnesses (id. at 31-34, ¶¶ 107, 116, 122, 129, 137, 144, 156), using firearms in the commission of many of his offenses (id. at 31-33, ¶¶ 110, 126, 132, 140), physically restraining victims (id. at 31-33, ¶¶ 111, 141), and acting as a leader, organizer, or supervisor in the overall criminal activity (id. at 31-33, ¶¶ 115, 121, 128, 143). The Court also applied an upward departure to his guidelines

calculation to reflect the serious nature of the home invasion robberies in which he participated. See Sentencing Transcript at 8-9. Notably, even while in jail on related state charges, Wilkie continued to participate in the planning of robberies and other criminal offenses. See PSR at 17, ¶¶ 33-38. The applicability of these various enhancements reflects a significant danger to the community and a need to protect the public. Accordingly, Wilkie's 376 month sentence is necessary to reflect the serious nature of his offenses and to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes. See 18 U.S.C. § 3553(a)(2)(A)-(C). The Court commends Wilkie for his rehabilitation efforts in prison, including receiving his GED, mentoring other inmates, and maintaining employment at the facilities. See Memorandum of Law at 8-9. The Court has also considered the statement from Wilkie's dorm counselor stating that Wilkie is fully rehabilitated. See id. However, rehabilitation is distinctly foreclosed from being an "extraordinary and compelling reason" warranting compassionate release. See U.S.S.G. § 1B1.13(d). And, regardless, the Court has considered Wilkie's rehabilitation in combination with other circumstances, as required by § 1B1.13, and finds that consideration of the 3553 factors does not warrant granting compassionate release at this time.

Accordingly, Defendant Andrew Chase Wilkie's Motion for Compassionate Release (Doc. 700) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of January, 2025.

*[Signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

Lc34

Copies to:

Counsel of Record

Defendant